UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH WATSON,

      Movant,

                                        File No. 1:13-cv-725

v.

                                        HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

      Respondent.
                                                 /

## **OPINION**

Pending before this Court is Movant Kenneth Watson's pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him (Dkt. No. 1). The government was not ordered to file a response to this motion. For the reasons that follow, the Court denies the § 2255 motion and issues this Opinion, Final Order, and Judgment. *See* Rules Governing § 2255 Cases, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

### I. BACKGROUND

On July 2, 2001, Movant was indicted on charges of conspiracy to distribute cocaine base. On September 4, 2001, Movant pleaded guilty to a superceding indictment, and admitted in his plea colloquy to his role in the conspiracy, the amount of money he received, and the length of the conspiracy.

The pre-sentence report recommended a four-point enhancement to Movant's base offense level based upon his role as a leader in the offense. At sentencing, the Court reduced this enhancement to two points, in light of the small number of persons involved in the conspiracy. Movant faced a mandatory minimum sentence of 360 months. Based upon his adjusted offense level,

he had a guideline range of 360 months to life. Movant appealed his sentence, but on July 25, 2002, his appeal was voluntarily dismissed.

On July 5, 2013, Movant filed the instant motion to correct his sentence under § 2255. Movant argues that the Supreme Court's June 17, 2013, ruling in *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013), recognizes a new right that applies retroactively to his case on collateral review, rendering his motion timely.

## II. ANALYSIS

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

In an action to vacate or correct a sentence, a court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and

2

the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if a movant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). The files and records in this case conclusively show that Movant is not entitled to relief under 28 U.S.C. § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.

This Court sentenced Movant on January 3, 2002. On January 10, 2002, Movant timely appealed his sentence to the Sixth Circuit Court of Appeals. On July, 25, 2002, the Sixth Circuit entered an order of voluntary dismissal of Movant's appeal. Giving Movant the full benefit of all timing rules, he had 90 days, or until October 23, 2002, to appeal this order to the Supreme Court. *See* Sup. Ct. R. 13. Movant did not file a petition for certiorari, and thus his conviction therefore became final on this October 23, 2002.

Per § 2255(f), a one-year period of limitation applies to all motions, running from the earliest of several dates. Here, the pertinent provisions are §§ 2255(f)(1) and (f)(3). Under § 2255(f)(1), the limitations period extends one-year after a movant's conviction becomes final. Under this rule, Movant's motion was due October 23, 2003, and is clearly time-barred.

A § 2255 motion may also be filed within one year from the date "on which right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Here, Movant argues, that the Supreme Court's ruling in *Alleyne,* decided June 17, 2013, recognizes such a right, and thus his July 5, 2013, motion falls within the limitations period.

As the Supreme Court has recognized, a new "rule" announced by the Court applies retroactively to criminal cases that are already final only in limited circumstances. *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). New rules of substantive law generally do apply retroactively, while new rules of criminal procedure generally do not. *Id.* at 351–52. A rule is substantive if it "alters the range of conduct or the class of persons that the law punishes." *Id.* at 353. A rule is procedural if it merely "regulate[s] the *manner of determining* the defendant's culpability." *Id.*

Retroactive effect is given only to "a small set of 'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 352 (internal citations omitted). Such a set would only include "a small core of rules requiring observance of those procedures that are . . . implicit in the concept of ordered liberty." *Graham v. Collins*, 506 U.S. 461, 478 (1993). Because any such rule "would be so central to an accurate determination of innocence or guilt" it is "unlikely that any such components of basic due process have yet to emerge." *Beard v. Banks*, 542 U.S. 406, 417 (2004) (internal quotations and citations omitted). For this reason, the Supreme Court has yet to recognize a procedural rule that falls in this category, although the right to counsel in felony cases recognized in *Gideon v. Wainwright*, 372 U.S. 335 (1963), is often given as an example. *Beard*, 542 U.S. at 417.

In *Alleyne,* the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" that must be proved. *Alleyne*, 133 S.Ct. at 2155. Because this holding overruled *Harris v. United States*, 536 U.S. 535 (2002), and extended the holding of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), it is a "new" rule for purposes of § 2255(f)(3). *See Jarrett v. United States*, 1:13-CV-952, 2013 WL 5508053, at *2–*3 (W.D. Mich. Oct. 3, 2013) (Quist, J.) (collecting cases recognizing *Alleyne* as a "new" rule for § 2255 purposes). Indeed, Movant's argument that his motion is timely is predicated on *Alleyne* being a new rule.

The question, therefore, becomes whether the rule from *Alleyne* should apply retroactively. The Supreme Court did not answer this question in its opinion. *Alleyne* states a procedural rule, as it merely regulates the manner in which a defendant's culpability is determined, to wit, the manner in which certain facts are found that impact sentencing. *See Schriro*, 542 U.S. at 353. *Alleyne* does not, however, state a "watershed" procedural rule, such that its holding should be applied retroactively to cases on collateral review. The question of whether a judge or a jury decides a question of fact in a criminal case is not "implicit in the concept of ordered liberty," *Graham*, 506 U.S. at 478, such that resolution of that question is "central to an accurate determination of innocence or guilt." *Beard*, 542 U.S. at 417. Indeed, other courts around the country have reached the same conclusion. *See Jarrett*, 2013 WL 5508053, at *3 (collecting cases).

Because *Alleyne* does not recognize a new right "made retroactively applicable to cases on collateral review," Movant cannot claim its benefit in order to render his motion timely. Moreover, even if *Alleyne* were made retroactively applicable to Movant, its holding would not entitle him to relief under § 2255. Movant pleaded guilty to violations of 21 U.S.C. §§ 846, 851(a)(1), and (b)(1)(B)(iii), which carry a statutory mandatory minimum sentence of 360 months (Plea Tr., 1:01-

5

cr-162-01, Dkt. No. 33). In his supporting memorandum, Movant discusses the enhancements to his offense level, which included an "adjustment of role in offense, for at sentencing, the COURT determined [Movant's] aggravated role in the offense! [sic]" (Mem., Dkt. No. 1 at 2). Movant challenges the enhancement and requests his sentence be adjusted accordingly.

However, as explained *supra*, *Alleyne* held that facts that increase the mandatory minimum sentence must be submitted to a jury. The enhancement of which Movant complains impacted the sentencing guideline range, but not the mandatory minimum. Therefore, even if *Alleyne* were retroactively applicable to Movant's case, he would still be entitled to no relief under its holding.

### III. CERTIFICATE OF APPEALABILITY

Having determined that Movant's arguments do not merit granting his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him, this Court may also determine whether to issue a certificate of appealability on these constitutional claims. *See Castro v. United States*, 310 F.3d 900, 901-03 (6th Cir. 2002).

A certificate of appealability should issue if Movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, a district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the United States Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.* Consequently, this Court has examined Movant's arguments under the *Slack* standard.

To warrant a grant of the certificate, "the [Movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*,

529 U.S. at 484. The Court holds that reasonable jurists could not find this Court's assessment of Movant's arguments debatable or wrong. Therefore, the Court denies Defendant a certificate of appealability as to each issue presented.

## IV.  CONCLUSION

For the foregoing reasons, the Court denies Movant's § 2255 motion and denies a certificate of appealability as to each issue raised.

The Court will issue a Final Order and Judgment consistent with this Opinion.


Dated: December 12, 2013 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE